Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7068 | **DATE** | 6/24/2011 |
| **CASE TITLE** | Acosta vs. Target Corp. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file an amended complaint [125] is granted. Discovery is reopened for the limited purpose of permitting Defendants to conduct depositions for the two new plaintiffs and to serve interrogatories and requests for production on those plaintiffs; if requested, Defendants must also produce the account records for the new plaintiffs. Amended complaint to be filed by 7/1/11; limited discovery to close 8/26/11; status hearing set for 9/6/11 at 9:30 a.m.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff Richard Acosta ("Acosta") has filed a motion seeking leave to amend his complaint against defendants Target Corp., Target National Bank, and Target Receivables Corp. (collectively, "Target"). His proposed changes are largely limited to (1) adding two previously undisclosed parties, Bonnie Zuckerman and Jenifer Roman, as plaintiffs; and (2) expanding his allegations to include Target's Auto-Product Change program. (According to Acosta, the Auto-Product Change program is the new name for the "Autosub" program he'd already challenged in his earlier complaint; he claims Target changed the name of the program at some point in 2006.)

    Once a responsive pleading is filed, a plaintiff can amend its complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). That is not to say that leave is automatically granted; instead, "[District] courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Johnson v. Cypress Hill*, --- F.3d ----, 2011 WL 2138085, at *3 (7th Cir. 2011) (quoting *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)) (alteration in original).

    In this case, Target argues that the court should deny leave to amend because (1) Acosta purposefully concealed the identity of the new parties; (2) Target will be prejudiced by the amendment, because it will need to take new discovery, it has "purged" many of the relevant records about the new parties, and it will have to defend against claims that would otherwise be time-barred; and (3) the amendment is futile with respect to Ms. Zuckerman, because she may lack standing on some claims. Target also argues that Acosta is not an adequate representative for his putative class.

    Target has not presented any persuasive evidence of undue delay, bad faith, or dilatory motive. Although the complaint dates from 2005, in early 2006 the court stayed discovery until it could resolve Target's motion to dismiss. Due to the stay and various other proceedings, the court did not deny that motion until July 2010. In December 2010, the court required Acosta and Target to "add parties and/or amend pleadings" by April 1,

2011—the date on which Acosta actually filed the instant motion. In addition, Acosta has provided a declaration whereby his counsel states that he only learned of the new plaintiffs in mid- to late March 2011. Thus, the bulk of the delay is not attributable to Acosta, and the declaration establishes that the new plaintiffs were only discovered a few weeks prior to Acosta's seeking leave to amend. In addition, while not dispositive, Acosta filed his motion within the deadline agreed by the parties and set by this court.

As to prejudice, Target itself states that the two plaintiffs "bring nothing to the table" because the credit-card rollout program used for them is "similar in every material respect" to the one used for Acosta. If this is true, the court has a difficult time understanding the allegations of prejudice. Moreover, due to Target's destruction of records, it is Acosta that may suffer prejudice. Target states that the records it discarded had no reasonably foreseeable relevance to this litigation. Assuming Target acted in good faith, the court would not be able to draw an inference that these records were adverse to Target's position. *See Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008). If the plaintiffs are deprived of evidence that they need to establish their claims, that is their burden to bear.

Target also argues prejudice by virtue of having to defend against claims that would otherwise be time barred. Acosta filed his complaint and, on the same day, filed a motion seeking class certification (Docket No. 6). The issue of certification has not yet been decided by this court, but if Acosta succeeds in certifying a class, Target will likely have to defend against a number of suits that would otherwise be barred by the statute of limitations. That is the protection provided to class members. *See Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, --- F.3d ----, 2011 WL 2039663, at *3 (7th Cir. 2011) ("Tolling lasts from the day a class claim is asserted until the day the suit is conclusively not a class action."). The court does not find that fact to be sufficiently prejudicial so as to warrant denying Acosta's motion for leave to amend.

Target next argues that Ms. Zuckerman may not have standing to pursue those claims alleged under the Truth in Lending Act, as she did not incur finance charges or late fees. But "[w]hile it is true that [a plaintiff] may no longer be entitled to all types of relief that [s]he requested, the law does not preclude a plaintiff from filing suit simply because some forms of relief may be unavailable, or indeed because in the end [s]he cannot prove that [s]he is entitled to any relief." *Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008). This is why the Seventh Circuit cautions that "it is best to confine the term 'standing' to the Article III inquiry and thus to keep it separate from the plaintiff's entitlement to relief or her ability to satisfy the Rule 23 criteria." *Id.* Target raises an issue of entitlement to relief, not an issue of standing, and thus has not established that Acosta's amendment would be futile. To the extent that Target makes arguments regarding the plaintiffs' adequacy to serve as class representatives, those arguments should be made if and when Target challenges class certification.

For these reasons, the court grants Acosta's motion for leave to file an amended complaint. The court does not expect reopening discovery to create a significant delay, as discovery closed on June 1, 2011. The court will reopen discovery for the limited purpose of permitting Target to depose the new plaintiffs and to serve interrogatories and requests for production on the new plaintiffs. If requested, Target must also produce the account records for the new plaintiffs; Acosta represented that the plaintiffs would require no other additional discovery.

The court makes one final note. Both parties sought, and were granted, leave to file surreplies. These filings did little to move the ball forward; instead, the parties largely shifted their focus to tangential issues such as why Acosta needed to reschedule his deposition and whether Target spoliated evidence. These briefings are not helpful to the court, nor do they place the parties in a positive light. The parties are advised to keep this in mind to the extent that they wish the court to look favorably upon future requests to file supplemental briefs.

| | Courtroom Deputy Initials: | RJ/JKF |
|---|---|---|