Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7068 | **DATE** | 3/9/2012 |
| **CASE TITLE** | Acosta vs. Target Corporation et al. | | |

### DOCKET ENTRY TEXT

For the reasons set out in the Memorandum Opinion and Order, and as set out below, Plaintiff's Motion to Compel the Production of Documents Being Withheld Under a Claim of Privilege [128] is granted in part and denied in part, and defendants Target Corporation, Target National Bank, and Target Receivables LLC are hereby ordered to produce to plaintiffs no later than March 23, 2012 all of the documents and previously redacted portions of documents that the court has determined not to be protected by privilege or work-product protection, as set out below; and to file no later than March 30, 2012, a submission showing any reason why the court should not apportion two-thirds (66%) of plaintiffs' expenses (consisting of costs and reasonable attorneys' fees) incurred in connection with the motion to be paid by Target. Enter Memorandum Opinion and Order.

■[ For further details see minute order and separate order.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

---

## STATEMENT

### Rulings on Documents

**Rulings on *Muro* Documents**

1. Not privileged. Although it is a memo to a lawyer, it neither requests legal advice nor responds to a request for information in order to provide legal advice. It appears to be merely a description of some files.

2. Privileged as to the handwritten notes only.

3. Privileged in part. This is an e-mail discussion that is also found several other documents. On August 2, 2004, Mike Murray sent an e-mail to a number of persons, including counsel, requesting both legal and business advice. To the extent that the documents reflect requested legal advice and the response Murray received, the communications are privileged. To the extent that they reflect the communication of business information and business decisions, they are not privileged. Discussing how to deal with customer reaction to a situation is different from assessing the legal consequences of that situation. Accordingly, in Murray's August 2, 2004 e-mail, Target may redact the paragraph beginning with "Here. . ." and ending with "implications." In Murray's August 3, 2004 e-mail, Target may redact the two paragraphs beginning with "From . . . " and ending with "rate." The balance must be produced.

4. Privileged.

5. Privileged.

## STATEMENT

6.  Privileged.

7.  Privileged.

8.  Not privileged.  Although this is an e-mail from corporate counsel, it does not contain any legal advice.  Rather, it attaches a draft standard credit card disclosure.  As reflected by the text of the e-mail, counsel's contribution was to calculate the percentages to be shown for a particular APR. That is not legal advice.

9.  Not privileged. The attachments are standard credit card disclosure boxes as to which the lawyers contribution was to fill in the blanks for various APR levels.  The e-mail discussion, although including a lawyer, is about a business decision.  It does not include any legal advice.

10.  Not privileged.  This is an additional comment to #9, adding a business decision discussion. There is no legal advice sought or given.

11.  Privileged.

12.  Privileged in part.  Target must produce the top message in the chain (Kathleen Brecker, Oct 31, 2003 at 2:03 p.m.) which discusses only business considerations, but may redact the rest of the document.

13.  Has been produced.

14.  Privileged.

15.  Privileged.

16.  Not privileged.  In this e-mail chain, an in-house counsel and an in-house paralegal are asked for, and respond with, updated versions of rewards rules for marketing promotions. There is no request for legal advice, nor is any rendered.  The fact that a lawyer rather than a business person prepares a document does not of itself make the document or its communication privileged.

17.  Not privileged. The attachment is a revisions to the documents in #16.  Although the in-house counsel made "two small changes" to the document, Target provides no information about the nature of those changes or why they would constitute legal advice rather than an editorial change.

18.  Privileged.

19.  Has been produced.

20.  Not privileged.  This is a copy of #10.

21.  Privileged.  This is a copy of #11.

22, 23, 27.  Not privileged.  Target does not claim privilege for these documents, but rather that they are "trade secrets."  These documents must be produced pursuant to the Agreed Order dated September 6, 2012 [dkt 182].

## STATEMENT

24. Privileged.

25. Privileged. This is a duplicate of #7.

26. Privileged in part. This is the same as #12. Target must produce the top message in the chain (Kathleen Brecker, Oct 31, 2003 at 2:03 p.m.) but may redact the rest of the document.

28. Privileged.

29. Privileged in part. The initial message from Thomas Douty on Nov. 25, 2003 at 12:19 p.m. is not privileged. It neither requests nor describes any legal advice. Mike Murray added a comment at 12:26 p.m requesting legal advice, but the topic is not disclosed by the initial Douty message. Therefore, Target must produce the initial Douty message and may redact the balance.

30. Privileged.

31, 32. Privileged in part. Target may redact the following: a) the paragraph beginning "New Account – Account Agreement Changes" and concluding "Take One Swap"; b) the paragraph beginning "RNB Name Change"; and c) the last two paragraphs. The balance of each must be produced because it is simply business discussion.

33. Privileged.

34. Privileged.

35. Privileged.

36. Privileged.

37. Privileged in part. This document is an e-mail chain with some privileged information and an additional comment by Thomas Douty that is not related to any legal discussion. The message from Douty (May 17, 2004 at 8:25 a.m.) must be produced. The balance may be redacted.

38. Privileged.

39. Privileged in part. The top two e-mails by Susan Smith (July 12, 2004 at 9:55 a.m.) and Thomas Douty (July 12, 2004 at 9:35 a.m.) may be redacted. The rest is a business discussion with no indication legal advice is being sought. The balance must be produced.

40. Privileged in part. The early links in this e-mail chain discuss legal advice. Brad Mares and Jody Nieborg to whom it was forwarded appear to be within the group of employees with whom legal advice on AutoSub could be shared, but they are not lawyers and are only being asked a business question in Lois Matti's later message to them. That message does not contain or discuss the advice, and it is not privileged. Matti's message (Aug. 5, 2004, 11:26 a.m.) must be produced but the balance may be redacted.

41. Privileged in part. This is a continuation of #40. The response by Nieborg (Aug. 5, 2004 at 11:28 a.m.) as well as the message by Matti reflect a business discussion and must be produced. The balance may be

## STATEMENT

redacted.

42. Privileged in part. This is a continuation of #41. Matti's message to Warden (Aug. 5, 2004 at 11:33 a.m.) does not contain or discuss legal advice. That message, Neiborg's message (Aug. 5, 2004 at 11:28 a.m.) and Matti's message (Aug. 5, 2004 at 11:26 a.m.) must be produced. The balance may be redacted.

43. Privileged in part. This is a continuation of #40, with additional recipients who appear to be within the group of employees whose roles are relevant to the advice. Mares' additional message to Matti and Warden (Aug. 5, 2004 at 11:35 a.m.) does not contain or discuss legal advice. The top two links must be produced. The balance may be redacted.

44. Privileged in part. This is a continuation of #42. The response by Warden is simply a business discussion and must be produced. The first four links must be produced. The balance may be redacted.

45 - 48. Have been produced.

49. Privileged.

50. Privileged.

51. Has been produced.

52. This document is the same as #12 and #26. Privileged in part. Target must produce the top message in the chain (Kathleen Brecker, Oct 31, 2003 at 2:03 p.m.) but may redact the rest of the document.

53. Has been produced.

54. Privileged.

55. Privileged.

56. Has been produced in part. Redacted portion is not privileged for two reasons. First, the redacted portion does not disclose confidential legal advice. Second, this e-mail was addressed to a number of Target employees, including the e-mail address "TFS-Auth GTLs." The Wolf declaration identifies that as an internal mail box for Group "Group Team Leaders in the Authorizations department." Target states that the mailbox "included [Shelley Larson's] peers." Presumably, if Target knew the identity of those who received this e-mail or had more information about the identity Group Team Leaders, Target would have set it out in the privilege log or in Wolf's declaration. Without any further identification of who, in fact, received this e-mail, Target cannot sustain its burden of demonstrating that the communication (if it had been privileged) was retained confidential and that it was disclosed only to those who within the scope of privilege. *See Muro III*, 250 F.R.D. at 364, n. 22.

57. Has been produced in part. Redacted portion is not privileged for the same reasons as #56, because the e-mail was addressed to "TFS-Auth GTLs."

58. Has been produced in part. Redacted portion is not privileged for the same reasons as #56, because the e-mail was addressed to "TFS-Auth GTLs."

## STATEMENT

59.  This is #3 being forwarded to a number of other people.  Target may redact the same portions of Murray's messages as with #3, but must produce the balance.

60.  This document is the same as #26 and #12.  Privileged in part.  Target must produce the top message in the chain (Kathleen Brecker, Oct 31, 2003 at 2:03 p.m.) but may redact the rest of the document.

61.  Not privileged.  This is the same document as #57.

62.  Not privileged.  This is the same document as #58.

63.  Not privileged.  This is the same document as #58.

64.  Privileged in part.  This contains responses to  #3 from business people.  It is a discussion among non-lawyer employees about a business problem.  Murray's e-mail of August 2, 2004 contains a reference to seeking advice about a legal issue, but the messages from Jacob and Trocinski respond to requests for comments from Marketing and Guest Services, and do not discuss any legal issue or provide information to be forwarded for legal advice.  Target may redact the paragraph of Murray's message beginning with "Here. . ." and ending with "implications." The balance must be produced.

65.  Privileged in part.  This is a continuation of the discussion in #64, again among non-lawyer employees discussing only business and not legal issues.  Target may redact the paragraph of Murray's message beginning with "Here. . ." and ending with "implications." The balance must be produced.

66.  Privileged in part.  This is a further continuation of the discussion in #64 and #65.  No lawyer was involved.  The added link discusses only business information, not legal advice. Target may redact the paragraph of Murray's message beginning with "Here. . ." and ending with "implications."  The balance must be produced.

67.  Privileged in part.  This is a further continuation of the discussion in #64, #65, and #66.  No lawyer was involved.  The added link discusses only business information, not legal advice. Target may redact the paragraph of Murray's message beginning with "Here. . ." and ending with "implications."  The balance must be produced.

68.  Privileged in part.  This is another comment on #3.  Target may redact the same parts that it may redact in #3, but must produce the balance.

69.  Privileged in part.  This is another comment on #3.  Target may redact the same parts that it may redact in #3, but must produce the balance.

70.  Privileged in part.  This is a continuation of the e-mail chain in #68 and #69, but the additional messages by Nicky Witters and Sue Suhling are on a different topic and do not discuss legal matters.  Those two messages must be produced.  Target may redact the balance.

71.  Privileged in part.  This is a continuation of the e-mail chain in #68, #69 and #70, but the additional messages by Kevin Trocinski, Witters and Suhling are on a different topic and do not discuss legal matters. Those messages must be produced.  Target may redact the balance.

# STATEMENT

72. Privileged.

73. Privileged in part. This is a continuation of #42. The response by Warden is simply a business discussion and must be produced. The top four links must be produced: Warden's message (Aug. 9, 2004 at 9:47 a.m.); Matti's message (Aug. 5, 2004 at 11:33 a.m.); Nieborg's message (Aug. 5, 2004 at 11:28 a.m.); and Matti's message (Aug. 5, 2004 at 11:26 a.m.). The balance may be redacted.

74. Not privileged. The attachments are drafts of documents scheduled to be sent to the public. The drafts were sent to a lawyer and a business process team manager as an informational matter. There is no request for legal advice. The writer simply asks both persons to let the writer know if they have any questions. Moreover, several of the individuals included in the earlier e-mail were not identified in Wolf's declaration as persons within the scope of privileged communications.

75. Not privileged. This is a continuation of #74. The discussion, although including a lawyer, is about a business decision. It does not include any legal advice.

76. Not privileged. This is a continuation of #74.

77. Not privileged. This is a continuation of #76.

78. Not privileged. This is a continuation of #76.

79. Not privileged. This is a continuation of #76.

80. Not privileged. This is an e-mail chain among employees, not all of whom are identified in Wolfe's declaration, as well as an attorney. The substance of the e-mails is a business discussion with no indication that legal advice was being sought.

81. Not privileged. Continuation of #80.

82. Not privileged. Continuation of #80.

83. Not privileged. Continuation of #80.

84. Not privileged. Continuation of #80.

85. Not privileged. Continuation of #80.

86. Not privileged. In this e-mail, Lois Matti seeks business advice from Jody Warden, a non-lawyer. The fact that she also copied in-house counsel does not make the document privileged. There is no communication from counsel contained or reflected in the document.

87 - 89. Have been produced.

**STATEMENT**

**Rulings on *Acosta* Documents:  Exhibit D (redacted documents)**

1 - 4.  Not privileged.  These are "autosub issues lists," apparently meeting agendas, in which the entry for "legal" has been redacted.  These documents are primarily business in nature.  In the case of each document, Target has not sustained its burden of showing the requirements of privilege, including the requirement that the communications "have been kept confidential by the company."  *Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981).  There is no information about who authored each document or who received the document, and no showing that it was retained in confidence.  On the contrary, it appears from document Bates no. ACOSTA 91, which is an e-mail forwarding #2, that the agendas were sent to a substantial number of people who are not included in Wolf's declaration.  Similarly, the attendees listed in the meeting for document #4 include persons not listed in Wolf's declaration.  In each case, Target must produce the entire document.

5.  Not privileged.  This is a spreadsheet of product change requirements.  These documents are primarily business in nature.  The redacted portions are entries under the heading "source/legal" and appear to contain directions from the legal department.  But again Target has failed to carry its burden of showing the requirement of privilege that the communications "have been kept confidential by the company."  *Upjohn Co.*, 449 U.S. at 395.  Target lists the author as "unknown," so there is no proof of where the information came from or to whom it had been communicated before it appeared in the spreadsheet.  In its privilege log, Target apparently initially listed the recipients as "N/A."  However, plaintiffs have added a list of recipients based, apparently, on other documents they have received, and that list includes at least one person who is not listed in Wolf's declaration.  Document #5 must be produced.

6.  Not privileged.  Same ruling as #5.

7.  Not privileged.  Same ruling as #5.  Copies were distributed to a substantial number of people not listed in Wolf's declaration.

8 - 16.  Not privileged.  These are the same as #1 through #4, only in a number of cases entries for "planning" with some comments by "legal" have been redacted.  Copies were distributed to a substantial number of people not listed in Wolf's declaration.  Same ruling as #1 through #4.

17.  It appears that two pages have not been produced: Bates no. ACOSTA 559 (a similar spreadsheet to #1) and Bates no. ACOSTA 553 (a short agenda list ).  There is nothing privileged in ACOSTA 553, and ACOSTA 559 is not privileged for the same reasons as #1 through #4 and #8 through #16.

18 - 23.  Not privileged.  This is a 2006 Product Change Issue Log on which Target has redacted entries from "Legal."  The comments from "Legal" do not appear to reflect legal advice but rather monitoring of accounts.  Furthermore, there is no evidence that the redacted portion was maintained as confidential.  The author is "unknown" and the document appears to have been widely distributed to a number of employees, several of whom are not in Wolf's declaration.  *See also* ruling on #36.

24.  Privileged in part.  Only the Brian Ohana message (Oct. 25, 2005 at 4:28 p.m.) third paragraph, from "should" through "legally" and the second sentence of the message from Sue Wolf (Oct 26, 2005 at 8:53 a.m.) relate to a request for legal advice and a response to it.  The rest reflects a business discussion and must be produced.

25.  Not privileged.  Although a lawyer is involved, the discussion is about a business decision.  Wolf's

## STATEMENT

contribution is simply factual with no legal advice.

26. Privileged. The redacted portion reflects a conversation about information in-house counsel needs in order to provide legal advice.

27. Not privileged. This appears to be power point slides of autosub issues. The redacted portion mentions issues "legal" needs to address, but Target provided no information about who authored the document, to whom it was presented or whether it was maintained as confidential.

28. Privileged as to redactions.

29. Not privileged. Same as #27.

30. Privileged in part. A part of point 9 that is redacted contains a report of legal advice provided (in point 9) and may be redacted. The balance is merely direction as to how to process accounts and does not communicate legal advice. Target may redact the sentence beginning "Per" and ending "account." The balance must be produced.

31. Not privileged. This is an another timeline and "issues" log that raises the same problems as discussed regarding #18 through #23. Same ruling as #18 through #23.

32. Not privileged. Target has redacted notes taken by in-house counsel Watnemo, apparently at a presentation regarding the autosub program. Contrary to Target's claim, the notes do not reflect "legal advice" but factual information and thoughts Watnemo jotted down. Without more factual context, it is cannot be determined for what purpose Watnemo made the notes or that she did so to provide legal advice rather than to participate in a business discussion. Target has not carried its burden of providing factual information sufficient to support its claim of privilege.

33. Not privileged. The underlying document is an Optima Direct Proposal for the auto close campaign. Target has redacted some markings, consisting of a few notes and circling of some printed words, made by in-house counsel Watnemo. It claims that the notes reflect legal advice but that is not the case. For example, Target has redacted the fact that Watnemo circled the words "custom data feed." There is no legal advice reflected in that circling. Likewise, where the proposal indicates that Optima would provide reports on a "TBD" basis, Watnemo wrote in "weekly." That is not legal advice. This appears to be a lawyer participating in a business negotiation.

34. Not privileged. This is another "issues log" on which Target has redacted the entry relating to Sue Wolf. It has the same problems as #18 through #23. Target lists the recipients as "N/A," which apparently means Target does not know the distribution. From the distribution list on Bates no. ACOSTA 3211, it appears that it was distributed to many people not listed in Wolf's declaration. Same ruling as #18 through #23.

35. Not privileged. This is the same document as #34, with two short handwritten notes from Watnemo. Neither of those two notes reflect legal advice or facts supplied in confidence for the purpose of seeking legal advice.

36. Not privileged. This is the same issue log with the same redaction as in #18. This time it was distributed to even more people who were not listed in Wolf's declaration. Same ruling as #18.

## STATEMENT

37. Privileged. Target may redact the handwritten notes by Watnemo.

38. Privileged. Target may redact the handwritten notes by Watnemo.

39. Privileged. Target may redact the handwritten notes by Watnemo.

40. Not privileged. This is the same issue log on which Target has redacted the same entry as #18 and #36. Same ruling.

41. Not privileged. This is another issue log on which Target has redacted an entry. It has the same problems as #18 and #34. There is no indication that this information was maintained in confidence. Same ruling as #18 and #34.

42. Not privileged. Target has redacted one five-word handwritten note by Watnemo, but there is nothing to indicate that the note reflects legal advice or information communicated for the purpose of legal advice.

43. Privileged. Target may redact the handwritten notes by Watnemo.

44. Privileged. Target may redact the handwritten notes by Watnemo.

45. Not Privileged. The underlying document is a business flow chart on which Watnemo has made some jottings, for example, circling one box on the flow chart. Target has not provided any context from which to conclude that this document either communicates legal advice or reflects communications for the purpose of legal advice. It appears to be more consistent with a business discussion.

46. Not privileged. This is the same issue log as in #18. Same ruling as #18.

47. Privileged in part. Most of this e-mail communication reflects a business discussion about how the project works. Only the last paragraph of each of Nelson's messages seeks legal advice. Target may redact the last paragraph of Nelson's August 18, 2006 (12:27 p.m.) e-mail beginning with "Kristin" and ending with "confirm" and the last paragraph of Nelson's August 18, 2006 (12:42 p.m.) e-mail beginning with "Are" and ending with "status?" including the handwritten notes. The balance must be produced.

48. Not privileged. This is another issue log and has the same problems as #18, including the fact that Target does not identify to whom it was distributed. The distribution list shown in Bates no. ACOSTA 3304 includes a number of persons not listed in Wolf's declaration. There is a four word handwritten note by Watnemo that does not convey legal advice or reflect the communication of information in confidence for the purpose of obtaining legal advice.

49. Privileged in part. The underlying document is the same document as #5, and is not privileged for the same reasons stated in the ruling on #5. However, apparently Watnemo added some handwritten notes that reflect legal advice. Those handwritten notes may be redacted but the balance must be produced.

50. Not privileged. This is another issue log and has the same problems as #18, including the fact that Target does not identify to whom it was distributed. The distribution list shown in Bates no. ACOSTA 3315 includes a number of persons not listed in Wolf's declaration. There is one word handwritten by Watnemo that does not convey legal advice or reflect the communication of information in confidence for the purpose

# STATEMENT

of obtaining legal advice.

51. Privileged in part. This is a memorandum plainly created for business purposes to summarize the progress on the Product Change project. It contains a similar "Product Change Project" spreadsheet as appears in #5, and has the same problems with Target's assertion of privilege as to that document. Again, with respect to the entire document #51, Target provides no information about the author or the distribution. There are a number of handwritten notes Target says are by Watnemo, but Target has redacted too much of them. There is no justification for the redactions on ACOSTA 3347. The few handwritten notes by Watnemo are modest editing and not legal advice. That page must be produced. On ACOSTA 3348, Target may redact the handwritten note in the margin beginning with "What" and ending with "qualified." The balance of the document must be produced including the handwritten notes that the court has reviewed and determined not to reflect either legal advice or the communication of information for the purpose of seeking legal advice.

52. Nonresponsive. The redacted portions do not relate to autosub.

53, 54. Privileged. Watnemo's handwritten notes may be redacted.

55. Not privileged. Target represents that the five word handwritten note is by Watnemo but it does not convey legal advice. It is simply a question about some aspect of the program. Target must produce the document including the note.

56. Not privileged or work product. Target states that the handwritten notes are Watnemo's edits to a draft script to be used with customers. It is not work product because there is no basis to believe that it was prepared in anticipation of or for litigation. Likewise, the notes do not convey legal advice, but merely editorial improvements to the text of a script. It is no different from any other businessperson improving the text of a telephone script. Furthermore, there is no factual information from Target to support a claim that this was privileged, for example, why the notes were prepared or what happened to them after Watnemo wrote them.

57, 58. Privileged.

59. Not privileged. Target has redacted some handwriting that it states are Watnemo's notes on a slide presentation for unnamed employees. There is nothing in the notes to support the claim that they reflect legal advice rather than a business discussion.

60. Not privileged. Bates no. ACOSTA 3535 is not privileged; it is a handwritten page of notes from Watnemo, but there is no legal advice, only notes on the status of the project. It must be produced.

61. Not privileged. Bates no. ACOSTA 03536 is a typed page entitled "Product Change Card File Issue" with Watnemo's handwritten notes. Target has not produced any part of this document. Target has not provided any factual information about the origin or distribution of this document that could support a claim of privilege. Target lists the author as "unknown," the recipients as "N/A," and the date as "not dated." Likewise, Target characterizes Watnemo notes as "legal advice" but it is not apparent on the face of the notes that they either convey legal advice or reflect the communication of information for the purpose of legal advice. Target provides no information about Watnemo's notes, when they were prepared or for what purpose. Target has failed to provide a factual basis for its claim of privilege as to #61.

## STATEMENT

62. Privileged.

63. Not privileged. Watnemo's handwritten edits in this draft letter to cardholders appear to reflect only business/customer relations considerations, not legal advice.

64. Not privileged. Redacted pages are entries from "Legal" in a spreadsheet entitled "Product Change Project." The document is primarily for business purposes. Like #5 and #51, it has the same problems with Target's claim of privilege. There is no indication of author or limited distribution. The minor handwritten notes (including merely circling items) do not convey legal advice.

65 - 68. Privileged in part. Target may redact the handwritten note by Watnemo on Bates no. ACOSTA 3690, but must produce the balance. There is no factual support for a claim of privilege as to the underlying documents, which are the same spreadsheets of issues and logs discussed previously. The distribution list includes numerous people not included in Wolf's declaration.

69, 70. Not privileged. These are Watnemo's handwritten notes but they do not reflect legal advice. Rather they are notes of the status of the project and things remaining to be done. For example, "Terms– printing services need 1 ½ weeks to print." A claim that that is legal advice borders on frivolous.

71. Not privileged. Target represents that these are Watnemo's handwritten notes, but there is no context provided as to why they were written, to whom they were communicated or whether the document was maintained as confidential. The content is not inherently legal advice, but rather appears to be a draft of some kind of communication and some calculations, the nature of which is not described by Target. Target has failed to provide a factual basis for its claim of privilege.

72. Not privileged. This is Watnemo calendar's "to do list." The innocuous list of entries is not privileged; it conveys no legal advice nor communications for the purpose of legal advice.

73. Not privileged. This is a meeting agenda on which Target has redacted an item for which "legal consideration" is needed, but it does not reflect a request for advice. Furthermore, Target has not established any factual basis for its claim of privilege. The author is "unknown," the recipients are "N/A." There is no information as to the distribution of this document, and no basis to believe that this document was intended to be confidential or maintained confidential

74. Not privileged. This is a cover memo enclosing a final version of a letter sent to cardholders. There is no legal advice rendered.

75. Privileged.

76. Not privileged. Watnemo's edits to cardholder communication do not convey legal advice; rather they are routine editing (for example, changing "terms" to "brochure").

77. Not privileged. On Bates no. ACOSTA 3810 Target has redacted some handwriting by Watnemo. There is no basis on which to believe that this is legal advice rather than notes about a business discussion. See #71 above. Bates no. ACOSTA 3811 is an indecipherable drawing that Target claims is by Watnemo. Target's claim of privilege for this drawing is frivolous.

# STATEMENT

78.  Not privileged.  Target has redacted the handwritten words "Muro case" and "Send terms brochure to Maria Sarah Leora."  Neither of those jottings reflect legal advice.

79.  Not privileged.  Target has redacted some handwriting by Watnemo.  There is no basis on which to conclude that this is legal advice rather than notes about a business discussion.

80.  Privileged in part.  Target has redacted too much.  On Bates no. ACOSTA 3849  Target may redact point 1, but the dates "March 4," etc., are not privileged.

81.  Not privileged.  Target's claim of privilege for the redacted two words on Bates no. ACOSTA 3879 is completely unsupported.

82.  Privileged.  The redacted materials are Watnemo's notes on a flow chart indicating a couple of legal questions for research.

83.  Not privileged.  This is a chart of product change opportunities.  Target has redacted every entry associated with "legal."  The entries, however, do not convey legal advice nor communicate information for the purpose of obtaining legal advice.  Furthermore, Target has not provided a factual basis to sustain a claim of privilege.  The author is "unknown," and the recipients are listed as "N/A" indicating that Target has no idea to whom this document was distributed.

84.  Not privileged.  This is a similar document to #83 and the ruling is the same.  Target has also redacted two notes from Watnemo about dates that do not indicate legal advice given.  Any claim of privilege as to those notes is frivolous.

85.  Not privileged.  This is an e-mail regarding a meeting to discuss "options based on the Business strategy."  Watnemo is copied but the discussion is business related; no legal advice is  sought or given.

86.  Not privileged.  Similar to #85 and same ruling as #85.

87.  Not privileged.  Target has redacted on Bates no. ACOSTA 3944 some notes in Watnemo's handwriting, but there is no context for the notes, nor do they suggest legal advice as opposed to business discussion.  The notes appear on an agenda for a meeting with over 50 invitees, many of whom were not identified in Wolf's declaration.  Target has not supported a claim of privilege as to this document.

88.  Not privileged.  These are slides from a presentation of primarily business discussion.  Target has redacted certain entries and some of what it states are Stacy Thompson's notes of "legal advice" given by Watnemo.  Target has not supported its claim of privilege.  The handwritten notes do not reflect legal advice.  As for the underlying document, Target supplies no information about who prepared the slides (author is listed as "unknown") or who was present at the presentation, and no factual basis to believe that the slides were maintained confidential as privileged communications.

89.  Privileged.  These are printouts of the slides in #88.  As to the underlying document, the ruling is the same as on #88.  Target has redacted some practically illegible notes but which do not appear to reflect legal advice.  (For example, Target has redacted the single word "Insert?")  Target has not supported a claim of privilege for this document.

# STATEMENT

90.  Not privileged.  A group of slides similar to #88.  Target has not supported a claim of privilege for the same reasons as to #88.  Same ruling as #88.

91.  Not privileged.  Same ruling as #90.

92.  Privileged as to the redaction on Bates no. ACOSTA 4011, which contains a note reflecting a legal issue for Watnemo to research.

93.  Privileged in part.  Underlying document is the same as #30.  Target has redacted too much. Target may redact the sentence on point 9 beginning "Per" and ending with "account."  The balance must be produced.

94.  Not privileged.  This is another slide presentation with the same problems as to Target's assertion of privilege as #88.  Furthermore, the portions that Target has redacted do not relate to legal advice.

95.  Not privileged.  Target states that the redactions are Watnemo's edits to a customer communication. They do not reflect legal advice but show Watnemo was trying different ways of phrasing the same concept. This is simply editorial work, not legal work.

96.  Not privileged.  This is a slide presentation incorporating an issue log on which Target has redacted an issue associated with "legal."  This document has the same problems with respect to Target's assertion of privilege as other similar logs.  See rulings above.

97.  Not privileged.  Another issue log on which an issue associated with "legal" has been redacted.  Same ruling as #96.

98.  Not privileged.  Same ruling as #97.

99.  Not privileged.  Same ruling as #97.

100, 101.  Privileged.

102.  Not privileged.  This is another slide presentation with an issue for legal.  Again, Target has not supported its claim of privilege for the document for the same reasons discussed above.

103.  Privileged as to Bates no. ACOSTA 4806, which is a copy of #100.

104.  Privileged as to Bates no. ACOSTA 4809.

105.  Privileged as to the redacted portion of Bates no. ACOSTA 4839.

106.  Privileged.

107.  Not privileged.  Another issue log, with the same problems as to Target's assertion of privilege as with other issue logs.  The handwritten note does not reflect a request for legal advice.

108.  Privileged as to the redacted portion.

## STATEMENT

109.  Privileged as to the redacted portion.

110.  Not privileged.  No legal advice communicated.

111.  Privileged as to the redacted portion of Bates no. ACOSTA 5029.

112.  Privileged in part.  Target has redacted too much.  Target may redact the second and third sentences of the second paragraph, but must produce the first sentence.  Plaintiffs argue that the inclusion of "TFS.proofing" e-mail as an addressee is unclear, but Wolf's declaration clarifies that is the mailbox for a single individual, John Holmes.

113.  Not privileged.  This is a "summary of comments" apparently on the text of an unspecified document.  The comments are by a number of persons including Watnemo and Thompson but also some unknown authors.  Target has redacted Watnemo's comments, but those comments (for example, "add an asterisk after 10% off") do not reveal legal advice.  Furthermore, the distribution of the document is unknown.  There is no basis to believe that the document was maintained as confidential.  Target has not supported a claim of privilege.

114.  Privileged as to redaction on final page.

115.  Privileged in part.  Target has redacted too much.  The message from Thompson to Thammarak (Dec. 19, 2005 at 9:57 a.m.) is not privileged because it does not convey the substance of legal advice.  The message from Thompson to Watnemo (Dec. 16, 2005 at 3:31 p.m.) is privileged as to the first paragraph, beginning with "This" and ending with "added."  The remaining messages are not privileged.

116.  Privileged in part.  This is an e-mail forwarding a letter to Watnemo and Jason Thompson for review.  No legal advice was sought, and Jason Thompson is not listed in Wolf's declaration.  Watnemo's response does not disclose legal advice and also was copied to Jason Thompson.  Stacy Thompson subsequent message (Sept. 27, 2005 at 9:19 a.m.) and Watnemo's response (Sept. 27, 2005 at 9:22 a.m.) are privileged and may be redacted.

117.  This is a partial duplicate of #116; same ruling.

118.  Not privileged.  Similar to #113; Watnemo's comments are not legal advice but editing.  Target has not supported a claim of privilege.

119.  Not privileged.  This is another issues log, and has the same problems with Target's assertion of privilege as the other issues logs.

120 - 122.  Not privileged.  On Bates no. ACOSTA 5452, Target has redacted one agenda item on a meeting list.  There is no indication of legal advice sought or given.  Likewise, on Bates no. ACOSTA 5454, Target has redacted the entire content of a different meeting agenda, but that content also is not legal advice nor is there an indication of information collected for the purpose of legal advice.  The attendees at the meeting are primarily business people.  On Bates no. ACOSTA 5455, Target has redacted the words "input from Legal."  Those words do not convey legal advice. The fact of "input from Legal" is not itself privileged.  The claim of privilege for those three words is frivolous.

# STATEMENT

123.  Not privileged.  Similar to #120.  Target has redacted some agenda items that relate to discussion with "Legal," but the vague topic descriptions do not convey legal advice nor do they reflect specific requests for advice.

124.  Not privileged.  Similar to #123.  Same ruling.

125.  Not privileged.  This is another tasks spreadsheet, which has the same problems with an assertion of privilege as discussed above.  Target has redacted log entries associated with "legal" without any context to support a claim that they reflect legal advice.

126.  Not privileged.  This is a summary sheet of product change questions, but there is no factual information provided to indicate that this document was communicated to any attorney for purposes of seeking advice.  In fact, there is no indication of the author or who, if anyone, received it.  Target has not supported its claim of privilege with respect to this document.

127.  Not privileged.  Another version of #64.

128.  Not privileged.  This is a spreadsheet entitled "Autoproduct change Test Matrix" depicting the status of various tasks.  Target has redacted the task items that are assigned jointly to Watnemo and Stacy Thompson (who is not a lawyer).  These entries do not reflect legal advice.  This document also has the same problems with respect to the assertion of privilege as to the issues logs, including no indication of authorship or distribution.

129, 130.  Not privileged.  Meeting minutes of a meeting primarily for business purposes.  Target asserts certain items reflect legal advice, but that is not apparent from the substance.  The comments are not attributed to any attorney.

131.  Not privileged.  Similar to #129 and #130.  This meeting included a number of persons not listed in Wolf's declaration.  Furthermore, the redacted section is attributed to a person who is not a lawyer and not included in Wolf's declaration.  The redacted material does not disclose legal advice.

132.  Not privileged.  This is another version of the slide presentation on which Target has redacted one item of "legal's" directive.  Target has not supported a claim of privilege as to this document for the same reasons as the other slide presentations.

133.  Privileged.

134.  Not privileged.  Similar to #132.

135 - 138.  Not privileged.  These are all issue logs and have the same problems with Target's assertion of privilege as the other issue logs discussed above.

139.  Privileged as to the redacted portion.

140, 141.  Not privileged.  This is another version of the issue log.  Same ruling as #135.

142.  Not privileged.  This e-mail from Watnemo does not convey any legal advice.

## STATEMENT

143.  Not privileged.  This is another version of the issue log.  Same ruling as #135.

144.  Not privileged.  This is a note by Wolf to the file.  There is no basis to conclude that it reflects legal as opposed to business considerations.

145.  Not privileged.  Another version of the product change requirements spreadsheet.  Same ruling as #5.

146.  Not privileged.  Like #18, this is another version of the issue log with a redacted entry from "Legal." Same ruling as #18.

147, Not privileged.  There is a note by Wolf to "ask Kristin" but it does not disclose whether the question is a legal issue or business issue.

148 - 152.  Not privileged.  These are other versions of the issue log.  Same ruling as #18.

153.  Not privileged.  Chart identifying program issues, primarily business, with some having a note of "legal ramifications."  There is no indication of the legal issue or what advice was sought. Target supplies no factual basis for a claim of privilege.  Target states that the author is "unknown," the document is "undated" and the recipients are "N/A," meaning that Target does not know who received the document.

154, 155.  Not privileged.  These are other versions of #5, #6 and #64, and have the same problems with Target's claim of privilege.

156.  Not privileged.  This is a weekly status update, primarily a business document, on which Target has redacted a "Legal requirement."  Target has not supported a claim of privilege.  First it is not clear that information is confidential legal advice.  Furthermore, Target provides no information about the author or distribution of the document, which appears by its nature to be a document for general distribution.

157.  Not privileged.  This is another version of product change requirements.  Same ruling as #5, #6 and #64.

158.  Not privileged.  These are slides from a presentation of primarily business discussion.  Target has redacted certain entries that contain the word "legal." It is not apparent that they reflect legal advice sought and rendered.  Target supplies no information about who prepared the slides (author is listed as "unknown") or who was present at the presentation, and no factual basis to believe that the slides were maintained confidential as privileged communications.

159.  Not privileged.  This is an issue log on which Target has redacted two entries with which Watnemo was associated, although non-lawyers are also associated with them.  It is not apparent that this discloses legal advice.  Furthermore, Target provides no information about the author or distribution of the document, which appears by its nature to be a document for general distribution.

160.  Not privileged.  This is a list of tasks, primarily business, on which Target has redacted entries associated with Watnemo.  It is not apparent that this discloses legal advice.  Furthermore, Target provides no information about the author or distribution of the document, which appears by its nature to be a document for general distribution.

## STATEMENT

161. Not privileged. Target redacted Wolf's note on meeting agenda indicating Watnemo will be drafting a letter and, separately, the words "legal notification requirements." There is no indication of legal advice. Target's claim of privilege for the redactions is frivolous.

162. Not privileged. Another version of the issues log. There is no indication that the redactions reflect legal advice. Same ruling as #135.

163. Privileged as to redacted handwriting on Bates no. ACOSTA 8292, but not as to redacted chart entry.

164. Not privileged. Another version of the issues log. Same ruling as #135.

165. Privileged as to redacted line on Bates no. ACOSTA 8316.

166. Not privileged. This is a chart of product change "opportunities." It is primarily a business document. Target has redacted one entry assigned to the "Risk/Legal" team, but it does not reveal legal advice or a request for legal advice. Target's assertion of privilege for this redaction is frivolous.

167. Not privileged. Similar to #153, and not privileged for same reasons.

168. Not privileged. Target redacted a footnote on a chart about "TAS Volume Drivers" reflecting legal "preference" on notice dates, but there is no indication that this is based on legal advice. Furthermore, Target provides no information about the author or distribution of the document, which appears by its nature to be a document for general distribution.

169. Not privileged. This is a meeting agenda/minutes for a meeting attended by several people who are not listed in Wolf's declaration. There is nothing privileged about this document. The references to "legal" do not reveal any confidential legal advice.

170. Not privileged. Same as #169, and same ruling.

171. Not privileged. This is a meeting agenda/minutes. The redacted item does not indicate it is legal advice.

172. Not privileged. Same as #169 and same ruling.

173. Not privileged. Same as #169 and same ruling.

174. Not privileged. This is a chart listing various requirements for a product change roll out. It is primarily a business document on which Target has redacted all tasks assigned to "Legal." Those redacted portions do not reveal legal advice. Furthermore Target provides no information about the author or distribution of the document, which appears by its nature to be a document for general distribution.

175. Not privileged. This document contains slides from a "Business Review" presentation. The primary purpose of the document is business. Target has redacted every slide prepared by the Law Department, including one that says only "Law/ Susan Smith," as to which a claim of privilege is frivolous. The slides themselves do not convey legal advice. They are simply a list of topics such as "Electronic Payment Processing." Furthermore, Target provides no information about who attended the presentation or viewed the

**STATEMENT**

slides. There is no factual support for the claim that the content of the slides was either privileged or maintained as confidential.

176. Not privileged. These are slides from an undated presentation. Target has redacted one part of one slide. Target provides no information about who attended the presentation or viewed the slides. The slides bear a copyright notice from "Fair, Isaac and Co., Inc." Target provides no information about why that company would be within the scope of privilege.

177. Not privileged. Same as #176, and same ruling.

178. Not privileged. Similar to #175, and same ruling.

179. Not privileged. Similar to #176, and same ruling.

180. Not privileged. These are slides from a "TFS Business Update" presentation and are very similar to #175 and #176. The primary purpose of this document was clearly business, not the obtaining or communicating of legal advice. From this 65 page presentation, Target has redacted approximately 3 lines on 3 different slides. The redaction on Bates no. ACOSTA 24111 does not reflect legal advice. The remaining redactions have the same problems with claiming privilege that exist as to #175 and #176. Target provides no information about who attended the presentation or viewed the slides. Like #176, the slides bear a copyright notice from "Fair, Isaac and Co., Inc." Target provides no information about why that company would be within the scope of privilege.

181. Not privileged. This is a spreadsheet with a chronology of events on which Target has redacted one entry. That redaction does not reflect the content of legal advice. Further, Target provides no information about the author or distribution of the document, which appears by its nature to be a document for general distribution.

182. Privileged as to redactions.

183. Privileged as to redactions.

184. Not privileged. Same as #132, and same ruling.

185. Not privileged. The handwritten note is illegible and Target has not supplied any facts to support its claim of privilege for it.

186. Not privileged. Similar redaction as #132 and #184 and same ruling.

187. Not privileged. These are slides from a presentation with handwritten notes by Thompson. Those notes do not reflect legal advice. Target has redacted some entries on the slides, but they have the same problems with assertions of privilege as other slide presentations.

188. Not privileged. These are the same slides as in #187 but without handwritten notes. Same ruling as #187.

189. Not privileged. These are also slides from a presentation, and have the same issues as to privilege.

## STATEMENT

Furthermore, the redacted portions do not reflect legal advice or a request for legal advice.

190.  Not privileged.  This appears to be a draft of #189 or a similar slide presentation.  There is no indication that its purpose was to seek or communicate legal advice.

191.  Privileged as to handwritten note on Bates no. ACOSTA 24193 and 24196.

192.  Privileged in part, but Target has redacted too much.  The underlying document is the same as #30 and #93.  Same ruling.

193.  Not privileged.  Target has redacted a short handwritten note from Thompson about a communication from Watnemo, but there is no basis to believe that the communication reflects legal advice as opposed to business discussion.

194.  Not privileged.  Although the e-mail chain involves Watnemo, the discussion is business-related and does not pertain to legal advice.

195.  Privileged only as to redacted handwritten note.

196.  Not privileged.  Similar to #83, and same ruling.

197.  Not privileged.  Similar to #196, and same ruling.

198.  Not privileged.  Same chart as #153, and same ruling.

199.  Privileged as to redaction on Bates no. ACOSTA 24219, which is the same redaction as #165.

200.  Not privileged.  This is another version of #5, #6 and #145.  Same ruling.

201.  Not privileged.  The redacted portions reflect primarily business discussion.  There is no legal advice rendered.

202.  Not privileged.  The e-mail and attached draft letter do not reflect legal advice being sought or given.

203.  Not privileged.  Target has redacted a handwritten note by Thompson on a draft letter indicating Watnemo will add language, but there is no legal advice rendered or sought.

204.  Privileged as to redaction on Bates no. ACOSTA 24260.

205.  Privileged as to redaction on Bates no. ACOSTA 24266.

206.  Not privileged.  This is another version of product change requirements document, like #145.   Same ruling.

207.  Not privileged.  This is another version of an issue log, and same ruling.

208.  Not privileged.  This is another version of an issue log, and same ruling.

## STATEMENT

209.  Not privileged.  This is another version of the product change requirements document, like #145, and same ruling.

210.  Not privileged.  These meeting notes include an action item to "set up meeting with Legal," but the descriptions of topics (*e.g.*, "new strategy") are so vague they do not disclose any particular request for legal advice.

211.  Not privileged.  This is a handwritten Thompson note stating opt out discussion went "well" with legal. No legal advice is revealed.

212.  Not privileged.  This "Integration Autosub Test Matrix" lists tasks for the testing of the project.  Target has redacted tasks associated with Watnemo, but also associated with Thompson who is not a lawyer.  There is no suggestion of legal advice.  Furthermore Target provides no information about the author or distribution of the document, which appears by its nature to be a document for general distribution.

213.  Not privileged.  Similar to #5 and #209.  Same ruling.

214.  Not privileged.  This is another spreadsheet with tasks to be done by different groups.  Target has redacted entries associated with "Legal," and the Onboarding/Acquisition group.  There is no legal advice revealed.  Furthermore Target provides no information about the author or distribution of the document, which appears by its nature to be a document for general distribution.

215.  Not privileged.  This is an e-mail chain entitled "Product Change - Legal Input (Part 2 if needed)," but the discussion is business related with no input from attorneys or seeking of legal advice.

216.  Not privileged.  Target has redacted some handwritten notes from Thompson about "legal" but, in addition to the fact that they are virtually illegible (and Target provides no printed version), Target has provided no context by which the court could determine that the notes reflect legal advice.  Target has not carried its burden of demonstrating privilege.

217.  Not privileged.  There are no privileged communications in this document.

218.  Not privileged.  There are no privileged communications in this document.

219.  Privileged in part.  Target has redacted too much.  On Bates no. ACOSTA 24338, Target may redact the last two sentences of the first paragraph, from "In" through "change/autosubs."

220.  Not privileged.  No legal advice is revealed.

221.  Privileged in part.  Target may redact all but the last sentence of the message from Thompson (Sept 15, 2006 at 1:36 p.m.).

222.  Privileged as to redaction.

223.  Privileged as to redaction.

224.  Not privileged.  Another version of product change requirements, similar to #145, and same ruling.

## STATEMENT

**Rulings on *Acosta* Documents: Exhibit E (withheld documents)**

225. Privileged/work product.

226. Privileged/work product.

227. Privileged/work product. Partial version of #226.

228. Privileged/work product. Partial version of #226.

229. Privileged/work product.  Continuation of discussion reflected in #226.

230. Privileged/work product. Partial version of #226.

231.  Not privileged or work product.  Target describes this as Watnemo's "Outlook calendar notice regarding the product change project." Contrary to Target's characterization, there is no "thought process" reflected.  The text consists of a subject line, but it does not reflect the content of legal advice, nor does it relate to the pending litigation.  The fact that in-house counsel performs work on a project that is also currently the subject of litigation does not transform a routine calendar notice into materials "that are prepared in anticipation of litigation or for trial."  *See* Fed. R. Civ. P. 26(b)(3)(A).

232.  Not privileged or work product.  Very similar to #231.

233. Not privileged or work product.  Very similar to #231.

234.  Not privileged/work product.  Very similar to #231.

235.  Not privileged or work product.  Very similar to #231.

236.  Not privileged or work product.  Very similar to #231.

237.  Work product.

238.  Work product.

239. Work product.  This is a partial version of #237.

240.  Work product.  This is a continuation of #237.

241.  Work product.

242.  Work product.  This is a partial version of #237.

243.  Work product.  This is a continuation of #237.

244.  Work product.  This is a partial version of #243.

## STATEMENT

245.  Work product.  This is a partial version of #237.

246.  Work product.  This is a partial version of #237.

247.  Not privileged or work product.  This is an agenda for a meeting about the change in terms template and customer communications.  There is no indication that it was prepared in anticipation of or for litigation.  There are only two lines that reflect any legal advice, but the agenda was circulated to a number of persons who do not appear in Wolf's declaration.  Furthermore, Target's privilege log does not identify either the author or the recipients.  Target has not supported its claim of privilege for this document, and there is no basis for its claim of work product.

248.  Privileged in part.  The top three e-mails (Cindy Hennan, Sept. 23, 2009 at 4:24 p.m., Watnemo, Sept. 23, 2009 at 2:16 p.m., and Hennan, Sept. 22, 2009 at 12:33 p.m.) reflect legal advice.  The balance of the e-mail chain is a business discussion.  The request for legal advice is separate from the business information and discussion in the balance of the e-mail chain.  There does not appear to be information that was gathered and transmitted for the purpose of obtaining legal advice, rather than for the business discussion.  Target may redact the top three e-mails, but must produce the balance of the chain.

249.  Privileged.  This is an e-mail chain with Prashad requesting legal advice from Watnemo and copying in some compliance people.  The top two e-mails do not include Watnemo, but relate to the topic.

250.  Privileged.  This is a partial version of #249.

251.  Privileged in part.  According to Target, these are Wolf's handwritten notes reflecting statements Watnemo made.  The top line and first two paragraphs reflect legal advice and may be redacted (from "Kevin" through "up").  The balance of the document consists of notes about a "new procedure" to be discussed with "Kevin," presumably, Kevin Fitzgerald, a senior risk analyst.  It does not appear to reflect anything but business discussion, including a business "goal." The remainder of the document does not reveal any legal advice or considerations that might have motivated the goal, only the goal and procedure.  The balance, beginning with "Ruby" must be produced.

252.  Privileged.

253.  Not privileged.  This is an e-mail from Watnemo to others, but reflects a business discussion.  As reflected by the text of the e-mail, counsel's contribution was to calculate APRs based on the increase in the prime rate.  That is not legal advice.

254.  Privileged, but not work product because it was not prepared in anticipation of or for litigation.

255 - 259.  Privileged in part.  This is a chain of related e-mail, some of which was produced in a redacted format.  See Acosta #24.  It is primarily a business discussion, although some legal questions also surfaced and were discussed.  Only the legal questions and responses may be redacted.  Target may redact the following: Brian Ohana message on Oct. 25, 2005 at 4:28 p.m., third paragraph, from "should" thorough "legally";  Watnemo message on Oct. 25, 2005 at 4:56 p.m.; first paragraph of Wolf message dated Oct. 26, 2005 at 11:56 a.m. from "Is" through "requirement?";  Watnemo message on Oct. 26, 2005 at 12:59 p.m.;  Murray message on Oct.26, 2005 at 14:26;  and Wolf message on Oct. 26, 2005 at 2:46 p.m.  Those portions may be redacted, the rest must be produced.

## STATEMENT

260. Privileged.

261. Privileged but not work product. This does not appear to be in anticipation of litigation; in fact, appears to be related to implementation of product change program.

262. Privileged. This is a duplicate of #261.

263. Privileged as to the handwritten notes by Watnemo. The underlying e-mail from Nelson is not privileged; it contains no request for legal advice. It must be produced without the notes.

264. Privileged but not work product. Watnemo's handwritten notes on a print-out of a state statute and a May 2006 meeting invitation were not prepared in anticipation of or for litigation.

265. Privileged but not work product. These are Susan Smith's notes on a meeting notice and agenda entitled "Product Change - Legal Input." These were not prepared in anticipation of or for litigation.

266. Privileged but not work product. Reflects legal review and revision of draft document. Not prepared in anticipation of litigation.

267. Privileged but not work product. This is another version of #266.

268. Not privileged. This e-mail by Watnemo setting out drafts of three alternatives for disclosing rates in the product change notification letter to customers. Target describes this as providing "legal advice to several executives regarding several options for disclosing rates for Product Change Letter" and notes that responses are found in ACOSTA 23877-23879 (Document #290). Target provides no other factual or legal analysis of the document. On its face, the document is difficult to characterize: Is its purpose primarily legal advice or for business purposes? When read in the context of #290, however, it is apparent that this document is to present several business options, not legal advice. The responses set out in #290 disclose that the discussion is about "financial cost/benefit analysis for these [options]," and viewing the options from a "Business and Marketing perspective." The communication by Watnemo, even though prepared by a lawyer, was for a business purpose. The responses do not seek legal advice and do not reflect discussion of legal advice. Accordingly, the communications are not privileged.

269. Privileged.

270. Privileged in part. Target may redact the following: paragraph beginning "I" and ending "4/30/06" in Stacy Thompson's e-mail (Dec. 7, 2005 at 3:48 p.m.); text beginning "Kristin and" and ending "reason" in Stacy Thompson's e-mail (Dec. 7, 2005 at 4:02 p.m.); sentence beginning "It seemed" in Stacy Thompson's e-mail (Dec. 7, 2005 at 4:07 p.m.). Those portions reflect an e-mail discussion of legal advice among a limited group of non-lawyers. The balance is a business discussion. There is no basis for a claim of work product.

271. Not privileged. This is a business discussion about APR rates; no legal advice is sought or rendered.

272. Not privileged. This is the same e-mail business discussion as #194 regarding internal procedures and retaining customers. Watnemo is involved, but no legal advice is sought or given.

## STATEMENT

273. Privileged.

274. ACOSTA Bates no. 4470 is a partial duplicate of #273 and is privileged. The remaining three pages (ACOSTA 4471-4473) are not discussed in Target's log and are not privileged.

275. Privileged in part. Not privileged as to ACOSTA Bates no. 4742. These are e-mails in which Watnemo communicates changes to autosub terms (various APR rates) but not legal advice. Privileged as to ACOSTA Bates no. 4743.

276. Privileged in part. This is an e-mail discussion among non-lawyers discussing in part advice provided by Watnemo, but most of the discussion is business related. Target may redact the portion of Thompson's message dated August 18, 2005 at 10:10 a.m. from the number "2" through "above." Target must produce the balance.

277. Privileged in part. This is partial duplicate of #276. The same portion may be redacted and the rest must be produced. Privileged as to ACOSTA 4755.

278. Not privileged. This contains handwritten notes on a print-out of an e-mail chain including Watnemo discussing the start of an autosub program. Watnemo describes how the autosub agreement differs from the normal Target Visa agreement. That is a factual statement. There is no evidence of confidential legal advice being sought or rendered.

279. Privileged. The final e-mail includes advice from Watnemo and the preceding e-mails are background to that advice.

280. Not privileged. Watnemo's advice appears to be business related regarding the handling of "systems details," and Target has not provided additional facts to conclude otherwise.

281. Privileged. The final e-mail refers to advice from Watnemo and the preceding e-mails are background to that advice.

282. Not privileged. This is an e-mail to Watnemo, but it contains no request for legal advice or facts for rendering legal advice.

283. Privileged in part. Target may redact the top e-mail from Stacy Thompson (Sept. 22, 2005 at 10:38 a.m.) as it conveys legal advice from Watnemo. The balance must be produced.

284. Privileged in part. The second paragraph and the attachment with handwritten notations request legal advice. Target may redact the paragraph beginning "I" and ending with "e-mail" as well as the attachment. The balance must be produced.

285. Privileged.

286. Privileged. This is a partial duplicate of #285.

287. Privileged.

# STATEMENT

288.  Privileged.  These e-mails are between Thompson and a non-lawyer technical person in which she asks questions requested by the legal department so that legal advice can be provided.

289.  Privileged.

290.  Not privileged.  See discussion of #268.

291.  Not privileged.  This is a partial duplicate of #268 with additional notations regarding "business objective."

292.  Not privileged.  This is a follow-up by a non-lawyer to the business discussion in #290.  It requests "any feedback" but there is no indication that the primary purpose is for legal advice.

293.  Not privileged.  This is an e-mail from Thompson to Watnemo reflecting organizational/business action.

294.  Not privileged.  This is another strand of the e-mail conversation in #215.  There is no legal advice rendered or reflected.

295.  Privileged in part.  This e-mail chain discusses some legal advice and the implementation of that advice, but it also contains unrelated technical process information.  Target may redact the following: Thompson message of May 16, 2006 at 1:48 p.m.; Thompson message of May 19, 2006 at 12:26 p.m., and Burg message of May 19, 2006 at 12:41 p.m.  The balance must be produced.

296.  Not privileged.  This is a draft of a slide presentation by Target Law Department for presentation to the Corporate Compliance Committee.  It appears to be a report, rather than legal advice, and has bullet point topics rather than substantive advice.  In addition, Target has provided no factual information about the distribution of the document, to whom, if anyone, it was actually shown.

297.  Privileged.  This is a duplicate of #261 with additional handwritten notes.  Target represented as to #261 that it was prepared by Watnemo.  It is not clear why Target lists the author of this document as "unknown."


**Rulings on *Acosta* Documents: Supplemental Redact Log for May 2011 documents**

Bates no. ACOSTA 25842.  Privileged as to redaction.


Bates no. ACOSTA 25844.  Privileged as to redaction.