# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7068 | **DATE** | 5/16/2012 |
| **CASE TITLE** | Acosta vs. Target Corporation et al. | | |

**DOCKET ENTRY TEXT**

Motion hearing held. Before the court are plaintiffs' three unopposed motions to retain the seal of certain exhibits provisionally filed under seal [216, 230, 247]. For the reasons set forth below, defendants are ordered to show cause why such seal should remain.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

00:05

## STATEMENT

Plaintiffs Richard Acosta and Jennifer Roman, on behalf of themselves and their putative class, filed three unopposed motions to retain the seal of certain documents provisionally filed under seal. [Dkt 216, 230, 247.] The motions relate to 46 exhibits attached to plaintiffs' summary judgment motion [dkt 215], four exhibits attached to plaintiffs' response to defendant's summary judgment motion [dkt 229] and four exhibits attached to plaintiffs' reply in support of their motion for class certification [dkt 245].

During discovery in this matter, defendants Target Corporation, Target National Bank and Target Receivables LLC (collectively, Target) produced documents Target asserted were confidential and Target so designated those documents. As required by the protective order entered in this case (Protective Order ¶ 13) [dkt 118], plaintiffs provisionally filed such documents under seal and sought leave of court to retain the seal. Target does not oppose plaintiffs' motions, and indeed filed a memorandum in further support of them. [Dkt 252.] The burden of establishing why the confidential information should be held under seal squarely belongs to Target since it the producing party claiming their confidential status. (Protective Order ¶ 13.)

Unlike unfiled discovery to which the public generally has no right of access, "[i]t is beyond dispute that most documents filed in court are presumptively open to the public." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). This right of access is "derived from the common-law principle that courts are public institutions that operate openly - a principle codified at 28 U.S.C. § 452 - and judicially imposed limitations on this right are subject to the First Amendment." *Id*. The public's right of access to filed materials is markedly different than its claim to unfiled discovery because, among other reasons, discovery is usually conducted in private. *Id*. As the Seventh Circuit explained, "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record . . . . But those documents . . . that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Intl., Inc. v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002).

## STATEMENT

The court may of course issue an order sealing particular items in the record where it has determined that there is good cause to do so. *Citizens First Natl. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). The problem here, however, is that the parties have provided little information necessary to make such a determination.

The gravamen of plaintiffs' case rests on the concept that defendants' conversion of customers' Target cards to Visa cards was done with such underwriting criteria and under such circumstances that consumers were deceptively set up to fail. (Am. Compl.) [Dkt 170.] According to plaintiffs, Target changed customers' accounts without telling them and without proper disclosures, and failed to tell customers that they would not qualify for Target Visas under the underwriting criteria applied outside of the conversion program. (*Id.* at 1.) Target disputes plaintiffs' allegations. Clearly then, Target's underwriting criteria and its business planning regarding the conversion program are central to the disputed issues in the case.

Many of the documents provisionally filed under seal are several years old (some date from 2004) and relate to dated underwriting criteria and a program that has since been terminated. Even with Target's memorandum in support of plaintiffs' motions, it has not explained why such information is so sensitive that it should be withheld from the public view. Likewise, despite the Protective Order's mandate that only confidential information, not entire documents, be filed under seal, neither party indicated whether portions of the fifty-four exhibits at issue should be publicly filed. (*See* Protective Order ¶ 13.)

Target is given until May 30, 2012 to show cause why such seal should remain. Plaintiffs may join in Target's submission or submit their own filing if they so choose. To maintain its position, Target must come forward with an argument, backed by authority and evidence, supporting its claim for the continued confidentiality of the documents. Its submission must also indicate whether it contends that each document is confidential in its entirety or designate the specific portions it so claims.