Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7068 | **DATE** | 6/13/2012 |
| **CASE TITLE** | Acosta vs. Target Corporation et al. | | |

**DOCKET ENTRY TEXT**

Pending before the court are plaintiffs' three unopposed motions to retain the seal of certain exhibits provisionally filed under seal [216, 230 and 247]. Plaintiffs are given until 6/22/12 to advise the court whether they agree that the 27 exhibits which Target says pertain to undisputed facts may be stricken from the docket as unnecessary. Target is given 14 days thereafter, until 7/6/12, to file an evidentiary supplement showing cause why any exhibits that remain at issue should stay sealed.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

Plaintiffs Richard Acosta and Jennifer Roman, on behalf of themselves and their putative class, filed three unopposed motions to retain the seal of 54 documents they provisionally filed under seal in connection with the pending cross-motions for summary judgment and for class certification. [Dkt 216, 230, 247.] Defendants Target Corporation, Target National Bank and Target Receivables, LLC (collectively, "Target") filed a memorandum in support of plaintiffs' motions. [Dkt 252.] The motions relate to 46 exhibits attached to plaintiffs' summary judgment motion [dkt 215], four exhibits attached to plaintiffs' response to defendants' summary judgment motion [dkt 229] and four exhibits attached to plaintiffs' reply in support of their motion for class certification [dkt 245]. Fifty-three of the 54 exhibits at issue are documents produced by Target, and one was prepared by plaintiffs' counsel based on information that was obtained from Target during discovery. Following a review of the parties' initial submissions, however, the court concluded that insufficient facts had been presented from which to determine whether there was good cause to retain the seal. (Order, May 16, 2012.) [Dkt 256.] Because Target is the party who produced the information sought to be sealed, Target was given leave

to submit "an argument, *backed by authority and evidence*, supporting its claim for the continued confidentiality of the documents." (*Id*. (emphasis added).) Target subsequently filed an additional memorandum. (Defs.' Mem. Supp. Keeping Conf. Docs. Under Seal at 14.) [Dkt 259.]

The court has spent considerable time reviewing Target's submission in conjunction with the previous filings and the 54 exhibits at issue, and once again concludes that Target has failed to present sufficient evidence to support its claimed need for confidentiality. Even where the parties agree as to the need to protect information from public disclosure, the court must determine whether there is good cause to seal documents that are filed in the matter. *Citizens First Natl. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). "The rights of the public kick in when material produced during discovery is filed with the court." *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009). Documents submitted to the court may "'influence or underpin the judicial decision' and . . . are therefore presumptively 'open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality.'" *Id.* at 1075 (quoting *Baxter Intl., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). Unlike unfiled discovery to which the public generally has no right of access, "[i]t is beyond dispute that most documents filed in court are presumptively open to the public." *Id.* at 1073.

Target's latest submission consists mostly of document descriptions, assertion of confidentiality and conclusions from cited cases. For example, Target argues that one document, a "timeline of the Auto-Product Change Process," [ex. I to dkt 216]:

> [S]hould remain under seal because Target has employed 'reasonable efforts to maintain the secrecy of th[is] information in the ordinary course of its business,' and because it unquestionably includes 'confidential commercial information and trade secrets' that if disclosed, would cause Target 'to suffer great economic harm.'

(Defs.' Mem. Supp. Keeping Conf. Docs. Under Seal at 14 (quoting *FTC v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620 at *3 (N.D. Ill Apr. 5, 2012)).) This conclusory discussion says very little about the document. Unanswered questions include: what information in the document reflects trade secrets and why,

# STATEMENT

what has Target done to maintain the secrecy of the information, and how or why would its disclosure cause Target economic harm? Target's descriptions of the other exhibits follow similar form and leave similar unanswered questions.

Target's sole evidentiary offering is a declaration that refers only to the commercial value of Target's underwriting criteria and its efforts to protect such information. (*See* Decl. Don McFarling.) [Dkt 175.] Many of the documents Target seeks to shield from public view, however, do not set out or even refer to underwriting criteria. For example, some exhibits include Target's planning meeting notes, progress reports, internal communications about credit card rollout tasks and a filepath location of an electronic file. What in those materials is as guarded and valuable as underwriting criteria, and how has Target protected the information? Target argues the materials are confidential, but it has not provided facts that might establish why. Target's *ipse dixit* argument alone is insufficient.

Target no longer argues that three exhibits to Plaintiffs' Statement of Material Facts in Support of Summary Judgment Made Pursuant to Local Rule 56.1(a)(3) [dkt 213] should be sealed: Exhibits I, AZ and BA.[1] Each of those exhibits were electronically filed together with other exhibits as to which a determination has not yet been made. Therefore, in order to avoid unnecessary confusion on the docket and burden for the Clerk's Office, the seal is not lifted at this time. Exhibits I, AZ and BA shall be made public when a final decision is entered on the motions.

According to Target, 27 of the 54 exhibits at issue in the motions were cited in summary judgment briefing and filed by plaintiffs only to support asserted facts that Target does not dispute. (Defs.' Mem. Supp. Keeping Conf. Docs. Under Seal at 7-9 (listing the 27 exhibits).) If plaintiffs agree with this characterization, they may also agree that those documents could be stricken from the docket as unnecessary.

That leaves the remaining exhibits: 24 if plaintiffs agree to strike those that Target says support undisputed facts, or 51 if they do not. As to the remaining exhibits, Target shall supplement its memorandum with evidentiary support for its position that a seal should remain, bearing in mind the fact that Target's

| STATEMENT |
|---|
| underwriting criteria and its business planning regarding the conversion program are major issues in this case. Target's submission shall specify which exhibits reflect or refer to underwriting criteria. As to the exhibits that do not refer to underwriting criteria but rather reflect other business information Target claims is confidential, Target shall select *fiv*e exhibits as examples and provide for each a detailed discussion, *supported by factual evidence*, explaining why each should be shielded from public vew. The selection of five is not to release Target of the need to make the required showing as to all of the documents. Rather, it is a next step for the parties and the court in determining if any of the documents meet the requirements established by Seventh Circuit case law for sealing.<br><br>    Therefore, plaintiffs are given until June 22, 2012 to advise the court whether they agree that the 27 exhibits which Target says pertain to undisputed facts may be stricken from the docket as unnecessary. Target is given 14 days thereafter, until July 6, 2012, to file an evidentiary supplement showing cause why any exhibits that remain at issue should stay sealed. |

1. The exhibits are filed at: Ex. I [part of dkt 215-1]; Ex. AZ [part of dkt 215-8]; Ex. BA: [part of dkt 215-9]. They are also respectively filed as Exhibits A, T and U to plaintiffs' first unopposed motion to retain seal. [Dkt 216].