# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD ACOSTA and JENIFER ROMAN, on behalf of themselves and others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 05 C 7068 |
| v. | ) Judge Joan B. Gottschall |
| TARGET CORPORATION, et al., | ) Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) |

## ORDER

For the reasons set out below, the plaintiffs' objections [293] to the defendants' bill of costs [290], which seeks a total of $8,105.08, are sustained in part and overruled in part. The defendants may recover $2,896.99 in costs ($8,105.08 minus $5,208.09).

## Background

Plaintiffs Richard Acosta and Jenifer Roman filed suit against Target Corporation and two of its affiliated entities, Target Receivables LLC and Target National Bank (collectively, "Target") based on Target's conversion of Target Guest Cards to Target Visa Cards. [Dkt 1.] On July 3, 2013, the district court granted Target's summary judgment motion and denied the plaintiffs' cross-motion for summary judgment and motion for class certification. *Acosta v. Target Corp.*, No. 05 C 7068, 2013 WL 3456767 at *10 (N.D. Ill. July 3, 2013). Judgment was entered on July 3, 2013. [Dkt 283] That judgment was affirmed by the Court of Appeals on March 19, 2014. *Acosta v. Target Corp.*, ___ F.3d ___, No. 13-2706, 2014 WL 1045202 (7th Cir. Mar. 19, 2014).

1

As the prevailing party, Target filed a Bill of Costs pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1), requesting taxable costs in the amount of $8,105.08. (Def.'s Bill Costs at 1.) [Dkt 290.] The plaintiffs filed Objections to Target's Bill of Costs [dkt 293], and Target responded to the objections [dkt 299]. The District Judge referred the matter to this court for decision. [Dkt 300.] The plaintiffs were permitted to file a Reply in support of their Objections. [Dkt 303, 304.]

**Standard of Review**

Rule 54(d) (1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, recoverable costs are: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters.

Taxing costs against the non-prevailing party requires two inquiries – whether the cost is recoverable and whether the amount assessed is reasonable. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). However, this presumption does not relieve the prevailing party from the burden of establishing that potentially recoverable costs it incurred were reasonable and necessary. *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375 at *1 (N.D. Ill. June 16, 2006). The court has "considerable

discretion" in determining whether particular costs are reasonable and necessary. *Olivarius v. Tharaldson Prop. Mgt., Inc.*, No. 08 C 463, 2012 WL 1117468 *1 (N.D. Ill. Apr. 3, 2012).

## Discussion

<u>Deposition Transcripts and Related Costs</u>[1]

Target has requested a total of $4,182.92 for transcripts of the depositions of the plaintiffs' and Target's witnesses. (Defs.' Bill Costs at 1.) The plaintiffs contend that Target should not be allowed to recover any costs associated with depositions. First, they argue that Target has failed to explain why the transcripts of their depositions were "necessarily obtained for use in the case" because Target did not "point[] to any information learned in the deposition of either Plaintiff that they did not already know or that was in dispute." (Pls.' Objections at 2-3.) Mr. Acosta and Ms. Roman were the named representatives of the putative class. It is not unreasonable that Target would seek their depositions. Moreover, Target's summary judgment submissions relied on the plaintiffs' depositions, and the district court considered the depositions when resolving the parties' cross-motions for summary judgment. *Acosta*, 2013 WL 3456767 at *10. The plaintiffs' objection to this cost is overruled.

Second, the plaintiffs object to Target's claim for the costs of obtaining the transcripts of the depositions of the three Target employees that plaintiff deposed. It was reasonable for Target to obtain copies of these deposition transcripts. As the plaintiffs acknowledge, the plaintiffs' counsel

---

[1] The plaintiffs originally contended that Target's bill of costs was untimely. (Pls.' Objections at 1.) They withdrew that objection in their reply. (Pls.' Reply at 1.) Thus, that issue will not be considered further.

conducted a "thorough examination of [these] witnesses regarding a program that had ceased roughly five years earlier." (Pls.' Reply at 2.) This objection is overruled.

Third, the plaintiffs assert that Target's claimed rate of $2.85 per page for copies of the deposition transcripts for Target's deponents exceeds the allowable per page rate of .90¢. (Pls.' Objections at 3.) This objection is unopposed (Defs.' Resp. at 9), and Target's costs are reduced by $1,051.05 ($2.85 minus .90¢ multiplied by 539 pages).

Fourth, the plaintiffs challenge a $120 charge by the court reporter resulting from a last minute cancellation of Mr. Acosta's February 28, 2011 deposition. (Defs.' Bill of Costs at 3; Pls.' Objections at 3.) Apparently, on the morning set for his deposition (after some rescheduling at Target's request), Mr. Acosta asked Target to reschedule his deposition, resulting in a cancellation charge from the reporting service. (Pls.' Reply, Exs. A, B.) Mr. Acosta cancelled his deposition for personal reasons; it is reasonable that the plaintiffs, rather than Target, pay any associated cancellation fee. *See Real Colors, Inc. v. Patel*, No. 96 C 6098, 1998 WL 88879 at *1 (N.D. Ill. Feb. 17, 1998) (stating that "it would be unreasonable to expect Defendants to simply write-off or cover" costs incurred due to the plaintiff's "eleventh hour" cancellation of two depositions).

Fifth, the plaintiffs object to a $598.20 copying charge, which the plaintiffs believe is for scanning deposition exhibits. (Pls.' Objections at 3.) Target contends that it ordered a single paper copy of the exhibits and is not trying to recover costs associated with scanning. (Defs.' Resp. at 8.) The court reporter receipts attached to the bill of costs do not indicate that Target ordered scanned copies of the exhibits. In their reply, the plaintiffs assert that Target did not need to order a copy of the exhibits because its counsel was provided with copies of the exhibits during the depositions. (Pls.' Reply at 2.) Courts have allowed the cost of two of deposition transcripts. *See DSM*

4

*Desotech, Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2013 WL 3168730 at *3 (N.D. Ill. June 20, 2013). This objection is overruled.

Finally, the plaintiffs contend that Target may not recover a variety of deposition-related charges, and Target agrees that the charges at issue are not allowable. (Defs.' Resp. at 9.) Target's costs are thus reduced by $234.88, representing the following expenses: (1) the appearance fee for Mr. Acosta's deposition ($21.88); (2) the delivery charge for Mr. Acosta's deposition ($35.00); (3) the appearance fee for Ms. Roman's deposition ($34.00); and (4) the litigation support disk ($49.00) and summary ($95.00) for Ms. Roman's deposition.

Copying Charges

Target also seeks to recover $3,922.16 in copying costs. (Defs.' Bill Costs at 1.) The plaintiffs object that Target has failed to establish that the copying charges were "necessarily obtained for use in the case" because the bill of costs does not allow the plaintiffs or the court to "discern . . . the document(s) being copied, let alone the number of copies made of each document." (Pls.' Objections at 4.) Target is entitled to "costs for copies related to discovery and copies of pleadings, motions, and memoranda submitted to the court" but not costs for "copies made solely for the convenience of counsel." *See Se-Kure Controls, Inc. v. Vanguard Prod. Group, Inc.*, 873 F. Supp. 2d 939, 947 (N.D. Ill. 2012). Target need not submit a bill of cost so detailed that it is economically infeasible to recover copying costs, but it must "provide the best breakdown obtainable from retained records." *Northbrook Excess & Surplus Ins., Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

Target has not provided *any* breakdown. The only information Target submitted to support its claim for nearly $4,000 in copying costs is a 74-page printout of all the out-of-pocket costs

Target's counsel advanced in defending this case. (Defs.' Bill of Costs at 7-81.) Presumably, the copying costs are to be found somewhere in those 74 pages among other charges such as Westlaw charges and counsel's airfare. Target has made no effort even to break out the copying costs from all other costs incurred. There is no identification or even summary of what was copied. For example, there are multiple entries on page 57 for "internal copying/printing," but no information as to what was printed and why. There is not even an explanation of how Target arrived at the total of $3,922.16. The printout does not enable the court to evaluate whether the copying costs qualify as taxable under the standards of § 1920.

Target states that its counsel has signed the form declaring under penalty of perjury that the copying costs were necessarily incurred. (Def.'s Resp. at 9.) Such conclusory assertions are not sufficient. *Telular Corp. v. Mentor Graphics Corp*, 01 C 431, 2006 WL 1722375 at *4 (N.D. Ill. June 16, 2006) (citing *Fait v. Hummel*, 01 C 2771, 2002 WL 31433424 at *5 (N.D. Ill. Oct. 30, 2002). Target suggests that *Se-Kure Controls* and *Movitz v. First Nat'l Bank of Chicago*, 982 F. Supp. 571 (N.D. Ill. 1997), excuse it from providing any information about the copies made. (Defs.' Resp. at 10-11.) In the *Se-Kure Controls* case, however, the prevailing defendant asked for copying costs only for outside copying, and the court deducted costs not clearly associated with deposition dates. 873 F. Supp. 2d at 948. It is not clear what was submitted to the court in *Movitz*. In the absence of any evidence by the defendant to show that the copies were unreasonable or unnecessary, the court there accepted a verification from the attorneys that the fees for copying included only those photocopies necessary for the case. *Moritz,* 982 F. Supp. at 577. Here, however, where Target has made no effort at all to break out the taxable copying costs from all other copying costs, the court would have to accept the highly dubious proposition that each and every copy made by

Target's counsel during the pendency of this lawsuit was taxable and not a single copy was made for a non-taxable reason such as Target's attorneys' convenience or as a copy for the client's files.

The information that Target supplies is simply not sufficient for the court to separate what is properly taxable and what is not. Notwithstanding the length of the case, the burden is still upon the party seeking to recover costs to demonstrate that the costs are properly taxable under § 1920. Where a party fails to substantiate all of the costs it claims were necessary and reasonable, the court will "reduce the costs to the level supported by [the party's] proof – even if that is zero." *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 969 (N.D. Ill. 2010). The plaintiffs' objection to the copying costs is sustained.

**Conclusion**

For the foregoing reasons, the plaintiffs' objections to Defendants' Bill of Costs is sustained in the amount of $5,208.99. Costs are taxed against the plaintiffs and in favor of the defendants in the amount of $2,896.99.

April 18, 2014 /s/ GERALDINE SOAT BROWN
United States Magistrate Judge